# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-421V

| | |
|---|---|
| HELEN CLARK,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: October 29, 2024 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 8, 2021, Helen Clark filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccine she received on September 13, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 21, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table SIRVA injury. On October 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00 for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

      Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $70,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

      The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

      **IT IS SO ORDERED.**

      **s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HELEN CLARK,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 21-421V<br>Chief Special Master Corcoran<br>(ECF) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 8, 2021, Helen Clark ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on September 13, 2019.  Petition at 1.  On November 14, 2022, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report, denying the case was appropriate for compensation.  ECF No. 42.  Subsequent briefing by the parties ensued.  ECF No. 46, 47, 48.

On August 21, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.  *See* Ruling on Entitlement (ECF No. 49).  The Chief Special Master found that a vaccination was "at least *attempted* for Petitioner's left arm" (ECF No. 49 at 6, emphasis in original), that she had no prior condition that would explain her symptoms, that the onset of petitioner's injury occurred within forty-eight hours of vaccination, that she had shoulder-specific pain at which most of her

complaints and treatments were aimed, and that there was no other condition or abnormality which would explain her symptoms (ECF No. 49 at 7).[1]

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded **$70,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This is the only category of damages to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[2]

> A lump sum payment of **$70,000.00** for pain and suffering in the form of a check payable to petitioner.

## III. Summary of Recommended Payments

A lump sum payment to petitioner, Helen Clark:     **$70,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 21, 2024, entitlement decision.

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                VORIS E. JOHNSON, JR.
                Assistant Director
                Torts Branch, Civil Division

                s/Katherine C. Esposito
                Katherine C. Esposito
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington D.C. 20044-0146
                Tel: (202) 305-3774
                katherine.esposito@usdoj.gov

Dated: October 15, 2024